# SPIVAK LIPTON LLP
## ATTORNEYS AT LAW

1700 Broadway
New York, NY 10019
T 212.765.2100
F 212.765.8954
spivaklipton.com



March 21, 2008

**VIA EMAIL & UPS OVERNIGHT MAIL**
Matthew Lombardo
309 N.E. 11th Avenue
Fort Lauderdale, FL 33301

RE:    **Actors Equity Association and Matthew Lombardo, Individually, and on Behalf of The
Lombardo Organization d/b/a Tea At Five, 08 CV 02843 (LAK)**

Dear Mr. Lombardo:

I represent Actors Equity Association ("Equity") in connection with the above-referenced
matter. Equity has filed an action in federal court to Petition to Confirm the Arbitration Award
rendered by Arbitrator Daniel F. Brent.

As described more fully in the attached documents, in accordance with applicable rules of
the United States District Court for the Southern District of New York, Equity is requesting that you
waive formal service of the complaint in order to avoid the unnecessary costs of service. Please
carefully review the enclosed documents:

(1)    Notice of Lawsuit and Request for Waiver of Service of Summons, accompanied by
a Summons and copy of the Petition to Confirm Arbitration Award, with Exhibits

(2)    Acknowledgement and Waiver of Service of Summons for your signature with a
self-addressed, postage-paid envelope for return of the executed Waiver to my office

Also enclosed are the Individual Practices of U.S. District Court Judge Kaplan, who has
been assigned to the case, and a copy of the Procedures for Electronic Filing in the U.S. District
Court for the Southern District of New York.

Thank you for your anticipated cooperation in this matter.

Sincerely,

Hope Pordy

Enclosures
cc (via email & ups overnight mail):
Leslie Ben-Zvi, Esq.

Cc (via first class mail):
Kathryn V. Lamkey, Central Regional Director

New York · Los Angeles

## Notice of Lawsuit and Request for Waiver of Service of
## Summons

TO:    Matthew Lombardo, Individually, and on Behalf of
       the Lombardo Organization d/b/a Tea At Five

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice.   It has been filed in the United States District Court for the Southern District of New York and has been assigned docket number 08 CV 02843 (LAK).

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the costs of serving you with a judicial summons and an additional copy of the complaint.   **The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use.**   An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, as authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service.   In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 21st day of March, 2008.

SPIVAK LIPTON LLP
Attorneys for Petitioner Actors Equity Association
1700 Broadway, 21st Floor
New York, New York
Ph:  212.765.2100
Fax: 212.541.5429

By:_____

Hope Pordy (HP 6253)
hpordy@spivaklipton.com

Effective A/O 12/1/93 in compliance with
Federal Rules of Civil Procedure 4 SDNY
Web 4/99

## ACKNOWLEDGEMENT AND WAIVER OF SERVICE OF SUMMONS

TO:    **Matthew Lombardo, Individually, and on Behalf of
The Lombardo Organization d/b/a Tea At Five**

I acknowledge receipt of your request that I waive service of a summons in the action of

Actors Equity Association v. Matthew Lombardo, Individually, and on Behalf of The Lombardo

Organization d/b/a Tea At Five, which is case number 08 CV 02843 (LAK) in the United States

District Court for the Southern District of New York.   I have also received a copy of the complaint

in the action, two copies of this instrument, and a means by which I can return the signed waiver to

you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in

this lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the

summons or in the service of the summons.

**I understand that a judgment may be entered against me (or the party on whose behalf
I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after
March 21, 2008,** or within 90 days after that if the request was sent outside the United States.

Dated: New York, New York
       March 21, 2008

By:_____
                        Matthew Lombardo, Individually, and On Behalf
                        of The Lombardo Organization d/b/a Tea At Five

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.   A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant.   By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.

SDNY Web 4/99
Effective A/o 12/1/93 in compliance with
Federal Rules of Civil Procedure 4

## ACKNOWLEDGEMENT AND WAIVER OF SERVICE OF SUMMONS

TO:    Matthew Lombardo, Individually, and on Behalf of
       The Lombardo Organization d/b/a Tea At Five

I acknowledge receipt of your request that I waive service of a summons in the action of Actors Equity Association v. Matthew Lombardo, Individually, and on Behalf of The Lombardo Organization d/b/a Tea At Five, which is case number 08 CV 02843 (LAK) in the United States District Court for the Southern District of New York.   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

**I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after March 21, 2008**, or within 90 days after that if the request was sent outside the United States.

Dated: New York, New York
       March 21, 2008

By: _____

Matthew Lombardo, Individually, and On Behalf
of The Lombardo Organization d/b/a Tea At Five

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.   A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant.   By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.

SDNY Web 4/99

Effective A/o 12/1/93 in compliance with
Federal Rules of Civil Procedure 4